IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANKIE LEVI COLE, <br><br> Plaintiff, <br><br> vs. <br><br> B. NIEMAN, A. LARSON, JAMES JANSEN, TRISH BERNHARDT, MORIN, NSP Inmate Doctor; MICHELLE WILHELM, NSP Warden; SCOTT FRAKES, DCS Director; NIETO, Parole Officer; ROSALYN COTTON, Parole Board Chair-Person; DCS APPEALS BOARD, NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, STATE OF NEBRASKA, The; UNITED STATES OF AMERICA, and WILLIAM BAHR, <br><br> Defendants. | 4:20CV3074 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on its own motion. On June 25, 2020, the court required Plaintiff Frankie Levi Cole to show cause why he is entitled to proceed in forma pauperis ("IFP") in this action. (*See* Filing 7.) This court has previously determined that three or more federal court cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim. *See Cole, et al. v. Houston, et al.*, 4:06CV3314 (D.Neb.) (Filing 109, July 24, 2007 Memorandum and Order requiring Plaintiff to show cause why case should not be dismissed pursuant to PLRA's "three strikes" provision). The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff responded to the court's order on July 24, 2020, raising several arguments in opposition to dismissal under 28 U.S.C. § 1915(g). (*See* Filing 8.) In relevant part, Plaintiff asserts that (1) none of his cases dismissed prior to the enactment of 28 U.S.C. § 1915(g) should be counted as strikes; (2) § 1915(g) is unconstitutional; and (3) he should be exempted from the 3 strikes provision because he is facing imminent danger of serious physical injury based on repeatedly-ordered mouth-swab drug tests, denial of medical care, and threatened exposure to coronavirus in the Nebraska State Penitentiary ("NSP").[1]

Plaintiff first argues that his cases dismissed prior to the enactment of 28 U.S.C. § 1915(g) should not be counted as strikes "because to do so would violate the civil action 'principle of fairness' parallel in constitutional significance to that used as basis for enacting the 'ex post facto clause' prohibition applicable to criminal case prosecutions, U.S. Const. Art. I, § 10, c. 1." (Filing 8 at CM/ECF p. 1 (punctuation corrected).) In the court's order to show cause, eight out of the ten cases the court considered as strikes were dismissed prior to the PLRA's enactment on April 26, 1996. However, pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as "strikes" for purposes of § 1915(g). The Eighth Circuit has recognized that civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA are to be counted in determining whether a prisoner has accumulated three strikes and therefore may no longer prosecute a claim in forma pauperis. *See*

---

[1] In his response, Plaintiff raised two additional arguments based on claims asserted in his Complaint. (*See* Filing 8 at CM/ECF pp. 2–3.) Essentially, Plaintiff asserts, without any supporting authority, that his request for declaratory relief regarding application of proper good time laws and his challenge to the Nebraska Supreme Court's refusal to acknowledge the prison mailbox rule are not subject to the PLRA limitations of § 1915(g). Plaintiff's arguments go to the merits of his underlying claims and do not address the question of his privilege to proceed IFP in light of § 1915(g)'s restrictions. Moreover, to the extent Plaintiff may be seeking release from custody by asserting such claims, he must pursue such relief in a petition for writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 554–55 (1974)

.

*In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (implicitly recognizing without discussion the dismissal of the plaintiff's pre-PLRA claims in determining his number of strikes); *see also Moore v. White*, No. 1:18-CV-44-NCC, 2018 WL 1121438, at *1 n.1 (E.D. Mo. Mar. 1, 2018); *Jacobs v. Jackson*, No. 2:05CV00147WRW, 2005 WL 1923175, at *1 n.3 (E.D. Ark. Aug. 9, 2005) (noting "[m]any other Circuit Courts of Appeal agree that pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as 'strikes' for purposes of Section 1915(g)" and citing cases).

To the extent Plaintiff argues that to count his pre-PLRA dismissals as strikes violates the prohibition against ex post facto laws, the Sixth Circuit has specifically rejected such a challenge, reasoning that "*ex post facto* principles have no application in civil contexts, but instead apply only to punitive legislation." *Wilson v. Yaklich*, 148 F.3d 596, 606 (6th Cir. 1998).

> The provisions of § 1915(g), by their very terms, apply only to the filing of civil actions and, while they may impact individuals incarcerated in the criminal justice system, are procedural in nature and were not enacted to affect the punishments already meted out for crimes. They do not, therefore, fun afoul of the prohibition on ex post facto legislation.

*Id.*

Plaintiff also argues that § 1915(g) unconstitutionally impedes prisoners' access to the courts and disproportionately impacts poor, black, and less-educated inmates. However, the Eighth Circuit Court of Appeals has specifically upheld the constitutionality of § 1915(g) against an equal protection challenge. *Higgins v. Carpenter*, 258 F.3d 797, 799–801 (8th Cir. 2001). As explained in *Higgins*:

> Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits. Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983

3

> actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; indigent inmates therefore control whether the three-strikes rule is ever applied to them. . . .
>
> Even when § 1915(g) is applied, the affected inmate can file his suit by paying the full filing fee up front. . . . The indigent inmate who has three strikes also may file if he is under imminent danger of serious physical injury. We conclude that an inmate's right of access to the courts, as that right is defined in *Lewis v. Casey*, [518 U.S. 343 (1996),] is not impeded.

*Id.* at 800 (internal citations omitted). Section 1915(g) "does not close the courthouse doors to prisoners who frequently file frivolous lawsuits; rather, it merely makes them pay the full ordinary filing fees sooner rather than later." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Plaintiff next asserts that he should be permitted to proceed IFP because he is facing imminent danger of serious physical harm. Section 1915(g) provides that, even if a prisoner has exhausted his three strikes, he will be permitted to proceed IFP if he is under imminent danger of serious physical injury. "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Applying these principles, the Eighth Circuit has concluded that the imminent-danger-of-serious-physical-injury standard was satisfied when an inmate alleged that prison officials continued to place him near his inmate enemies, despite two prior stabbings, *Ashley*, 147 F.3d at 717, and when an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions, *McAlphin v. Toney*, 281 F.3d 709, 710–11 (8th Cir. 2002). However, the Eighth Circuit has held that a general assertion that defendants were trying to kill the plaintiff by forcing him to work in extreme weather conditions despite his blood

4

pressure condition, was insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Martin*, 319 F.3d at 1050.

Here, Plaintiff contends that he is in imminent danger of serious physical injury because: (1) "mouth-swab drug tests repeatedly ordered by prison staff will cause further physical, mental or emotional damages to Plaintiff's salivary gland related ailments" (filing 8 at CM/ECF p. 1); (2) he is "presently being denied dental care, and was never given the 'community standard of medical care' necessary to treat glaucoma condition and broken bone in right hand" (filing 1 at CM/ECF p. 20); (3) he was "denied meaningful consultation and treatment by the psychiatrist on duty at the NSP in or around August 2019" (*id*. at CM/ECF pp. 19–20 (punctuation corrected)); and (4) he is subjected to "heightened life-threatening exposure to Corona Virus and other disease contageon [sic]" due to overcrowding and prison policy to bring infected community custody status prisoners back into the NSP (*id*. at CM/ECF pp. 19, 24; *see also* filing 2 at CM/ECF pp. 2–3).

Plaintiff's allegations do not satisfy the imminent-danger-of-serious-physical-injury standard. Plaintiff's allegations regarding the mouth swab tests focus on the time frame between December 2018 and July 2019, and the damage alleged to be caused by the seven monthly mouth swab tests consist of Plaintiff's self-reported symptoms of "uncontrollable saliva flow and nausea." (Filing 12 at CM/ECF p. 5; *see also* Filing 1 at CM/ECF p. 7.) These allegations focus on past harms and do not contain facts evidencing the likelihood of on-going imminent serious physical injury. Furthermore, Plaintiff's conclusory allegations regarding denial of dental care and treatment by a psychiatrist and for his glaucoma and hand injury do not allege specific facts that indicate Plaintiff is currently suffering physical injury or facing future serious injury.

Specific factual allegations are also lacking to support Plaintiff's assertion that he faces an imminent danger of exposure to the coronavirus or COVID-19 in

5

the NSP. Plaintiff does not allege that any of the infected community custody status prisoners were placed near him. While the court understands Plaintiff's general concern about the COVID-19 virus, "speculation about the mere possibility that he will become infected by the virus does not constitute imminent danger." *Paige v. Washington*, No. 1:20-CV-629, 2020 WL 4558735, at *6 (W.D. Mich. Aug. 7, 2020). *See also Brooks v. Harris Cty. Sheriff's Office*, No. CV H-20-2748, 2020 WL 5096527, at *1 (S.D. Tex. Aug. 28, 2020) ("Although he expresses a general fear based on the coronavirus, general allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." (internal quotation omitted)); *Talbert v. Well Path*, No. CV 20-3401, 2020 WL 4815828, at *1 (E.D. Pa. Aug. 19, 2020) ("Rank speculation of contracting COVID-19 does not constitute imminent danger of serious physical injury to meet Congress's exception to the filing bar under 28 U.S.C. § 1915(g) and to proceed without paying the filing fees."); *Littlejohn v. Whitmer*, 2020 WL 1685310, at *3 (W.D. Mich. April 7, 2020) (plaintiff failed to allege imminent danger where the conditions of confinement did not place him in any greater risk than the general public and did not claim a particularized risk of imminent physical harm); *Johnson v. Wilcher*, No. CV420-089, 2020 WL 2064935, at *2 (S.D. Ga. Apr. 28, 2020) (imminent danger exception to section 1915(g) did not apply based on a general fear of contracting COVID-19 in the prison). Thus, Plaintiff's allegations of potential exposure to COVID-19 do not demonstrate an imminent danger of serious physical injury to avoid the three strikes bar of § 1915(g).

For the foregoing reasons, the court finds that Plaintiff has failed to demonstrate that he is under imminent danger of serious harm and he, therefore, is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g). Because Plaintiff has not paid the $400.00 filing and administrative fees and for lack of good cause shown, this matter is dismissed without prejudice.

6

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (filing 3) is denied.

2. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3. Any notice of appeal filed by Plaintiff must be accompanied by the $505.00 appellate filing fee because Plaintiff will not be allowed to proceed in forma pauperis on appeal.

Dated this 16th day of September, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge